IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:08cv517
(3:07cr277)

| | |
|---|---|
| DAVID A. WILLIS )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____) | ORDER |

**THIS MATTER** is before this Court upon Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. No. 1) and related motions seeking resolution of the case (Doc. No. 3: Motion to Expedite; Doc. No. 6: Motion for Judgment; Doc. No. 7: Request for Admissions; Doc. No. 12: Demand to Show Cause). Upon consideration of the entire record of this case, including the underlying criminal case (Case No. 3:07cr277), the petition will be dismissed without prejudice for the reasons stated below.

On December 3, 2007, a grand jury charged Petitioner with solicitation to commit murder-for-hire, in violation of 18 U.S.C. § 373, and with using interstate facilities in the commission of murder-for-hire, in violation of 18 U.S.C. § 1958. (Case No. 3:07cr277, Doc. No. 5: Indictment). On April 22, 2008, a trial jury convicted him of both charges. (Case No. 3:07cr277, Doc. No. 42: Jury Verdict). On September 26, 2008, the Court sentenced Petitioner to 210 months' imprisonment and entered judgment on October 14, 2008. (Case No. 3:07cr-277, Doc. No. 57: Judgment). Petitioner timely filed a direct appeal (Case No. 3:07cr277, Doc. No. 55: Notice of Appeal), which is pending (4th Cir. Case No. 08-4998). Petitioner is serving his

sentence at FCI Petersburg Low in Petersburg, Virginia, which is in the Eastern District of Virginia. http://www.bop.gov/iloc2/LocateInmate.jsp (search Register No. 21465-058).[1]

Petitioner seeks release from confinement pursuant to 28 U.S.C. § 2241. That statute allows a prisoner to seek habeas relief from the court in the district of his confinement. Padilla v. Rumsfeld, 542 U.S. 426, 477 (2004); United States v. Poole, 531 F.3d 263, 270 (4th Cir. 2008). Accordingly, a proper petition names the person who has custody of the prisoner, 28 U.S.C. § 2242, and a district court has jurisdiction over the petition if it has jurisdiction over the prisoner's custodian. Poole, 531 F.3d at 271. Federal courts have limited jurisdiction that may not be exercised until it has been shown that jurisdiction is proper. Id. at 274 (citing Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Thus in Poole, the Fourth Circuit rejected an attempt to file a § 2241 petition in the district of the sentencing court rather than the district of confinement.[2] Id. at 273-74.

Here, Petitioner has not shown that the Court has jurisdiction over his custodian in the Eastern District of Virginia. Therefore, the Court does not have jurisdiction over his petition brought under § 2241.

**IT IS, THEREFORE, ORDERED** that Petitioner's § 2241 Petition (Doc. No. 1) is **DISMISSED without prejudice**.

---

[1] Petitioner has used a mailing address in Cornelius, North Carolina in his pleadings. The Court takes judicial notice that there is no jail facility in that town that houses federal inmates. Fed. R. Evid. 201.

[2] In contrast, a petition habeas relief under 28 U.S.C. § 2255 is filed in the original sentencing court. Poole, 531 F.3d at 274.

**IT IS FURTHER ORDERED** that Petitioner's related motions (Doc. Nos. 3, 6, 7, and 12) are rendered moot by the issuance of this Order.

The Clerk is directed to serve a copy of this Order on the United States Attorney's Office, the United States Marshals Service, and David Willis, c/o 19366 Makayla, Cornelius, North Carolina 28031 and Reg. No. 21465-058, FCI Petersburg Low, Federal Correctional Institution, P.O. Box 1000, Petersburg, Virginia 23804, and document such action.

Signed: September 30, 2009

Robert J. Conrad, Jr.
Chief United States District Judge